IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JIMMY LaDALE BROWN, JR.                                                              PLAINTIFF

V.                                         NO. 5:07cv00112 JMM

DAVID HENRY, et al                                                                  DEFENDANTS

ORDER

On May 17, 2007, Plaintiff, a pro se inmate currently confined to the Arkansas County Detention Center, filed this 42 U.S.C. § 1983 civil rights action (docket entry #2) along with a separate application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (docket entry #1). Plaintiff submitted the proper financial information in compliance with § 1915(a)'s requirements; accordingly, in forma pauperis status was granted (docket entry #3).

**I. Background**

Plaintiff sues a circuit judge, a prosecuting attorney, and a deputy sheriff[1] alleging claims for race discrimination, over-prosecution, excessive bond, absence of counsel, and failure to fulfill the judicial process. According to his complaint, on February 17, 2007, he was arrested on an outstanding warrant out of Miller County. Marijuana was found in the vehicle. Betty Laron Downs (a white female) was with him at the time and claimed possession of the marijuana. Plaintiff was nonetheless charged in Arkansas County with possession of a controlled substance with intent to deliver. Plaintiff was not appointed an attorney but Downs was. Plaintiff has no court date but Downs has been to court several times. Plaintiff's bond has been set at $100,000 (while Downs' was set at $10,000) and

---

[1] All are officials of Arkansas County, Arkansas.

he has not been able to procure bond reduction or any information towards his upcoming court appearances. Two weeks after his arrest, Plaintiff was served an arrest and bench warrant to court. He claims he has been notified by Defendant Sandine that Downs has admitted from the beginning that the marijuana found during the arrest was hers. Although he was taken to a pretrial hearing, he has had no appearances since. At his pretrial hearing there were extra public defenders from Pine Bluff present but none were appointed to represent him. Trial date was set for April 17, 2007, but he was not taken to trial and has received no information about a new trial date. When he inquires about a court date, he is told that Defendant Dittrich will have to appoint him a public defender. Plaintiff alleges that Stuttgart has only one public defender and he is currently representing Downs, which will present a conflict of interest if he is appointed to represent Plaintiff too. As relief, Plaintiff requests the dismissal of the possession with intent to deliver charge and a formal apology from the court for his mistreatment.

After granting Plaintiff in forma pauperis status (docket entry #3), he was notified that should his case be subsequently dismissed on the grounds that it is: 1) frivolous or malicious; 2) fails to state a claim upon which relief may be granted; or 3) seeks monetary relief against a defendant who is immune from such relief, there would be no provision for a refund of any portion of his filing fee. Id. § 1915A.

## II. Standard

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity. Id. § 1915A(a). A federal court must dismiss a prisoner's complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which

relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b). Moreover, this Court may sua sponte dismiss a complaint filed in forma pauperis at any time if it determines that the action fails to state a claim upon which relief can be granted. Id. § 1915(e)(2)(B)(ii), § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1).

Dismissal for failure to state a claim is proper only if, accepting each allegation as true, it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)); Murphy v. Lancaster, 960 F.2d 746, 748 (8th Cir. 1992). In addition, pro se complaints must be liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers." Haines, 404 U.S. at 520-21.

### III.  Analysis

In Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court delineated what constitutes a habeas action as opposed to a § 1983 claim. The essence of habeas corpus is an attack by a person in custody upon the legality of that custody. Id. at 484. The label a prisoner gives to his suit is not controlling. Id. at 489-90. Therefore, if Plaintiff is in effect challenging the length of his incarceration, then his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254, rather than a civil rights complaint pursuant to § 1983. Id. at 499. State prisoners are required to exhaust their available state court remedies before bringing federal habeas corpus claims. 28 U.S.C. § 2254(b) & (c). A claim is considered exhausted "when the petitioner has afforded the highest state court a

fair opportunity to rule on the factual and theoretical substance of his claim." Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993).

The essence of Plaintiff's complaint is an attack on the validity of the possession and intent charge. As relief, he seeks the dismissal of that charge. The fact that he has labeled this a § 1983 action is not controlling. The type of claim Plaintiff has raised, if proven, would necessarily invalidate that charge and could result in his release from confinement; therefore, to the extent that he challenges the specific length of his incarceration, his claims are not cognizable here. Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (court must look to substance of relief sought to determine if action is § 1983 suit or habeas corpus action; prisoner's labeling of suit is not controlling); Wilson v. Lockhart, 949 F.2d 1051, 1051-52 (8th Cir. 1991) (challenge which would result, if successful, only in earlier eligibility for parole and not necessarily earlier release, should nonetheless be brought as habeas petition). Furthermore, the Court should decline to consider this case on the merits as a § 2254 habeas petition because it is apparent from the face of the complaint that Plaintiff has not claimed--much less proven--that he has exhausted his available state court remedies; therefore, dismissal without prejudice is appropriate. 28 U.S.C. § 2254(b)(1)(A) (court shall not grant writ of habeas corpus unless applicant has exhausted remedies available in state court system); Carmichael v. White, 163 F.3d 1044, 1045 (8th Cir. 1998) (§ 2254 petitioner has burden to show all available state remedies have been exhausted or that exceptional circumstances exist).

## IV. Conclusion

This case is DISMISSED WITHOUT PREJUDICE for FAILURE TO STATE A CLAIM and all pending motions are DENIED AS MOOT. Plaintiff is in effect challenging the length

of his incarceration; therefore, his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254, rather than a civil rights complaint pursuant to § 1983.

The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), THAT AN IN FORMA PAUPERIS APPEAL from this order, and any judgment entered hereunder, WOULD NOT BE TAKEN IN GOOD FAITH.

IT IS SO ORDERED this 4th day of June, 2007.

_____
UNITED STATES DISTRICT JUDGE